**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BEAUREGARD HARVEY,**

**Plaintiff,**

**v.**

**JUDGE SHARON KENNEDY, *et al.*,**

**Defendants.**

**Civil Action 2:26-cv-976**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Beauregard Harvey, sues Defendants, the Justices of the Ohio Supreme Court and the judge overseeing his criminal proceedings in the Toledo Municipal Court, under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment substantive due process rights. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court on Plaintiff's Motion to Approve Plaintiff for ECF Filing (ECF No. 3). For good cause shown, the Motion (ECF No. 3) is **GRANTED** to the extent that Plaintiff may participate in e-filing only as to this particular case and conditional on his compliance with all applicable e-filing requirements. If he has not already done so, Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf. Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing

requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here"). Plaintiff is further **CAUTIONED** that his electronic filing access may be revoked at any time.

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that on April 9, 2025, a summons and complaint was issued to Plaintiff to appear before the Toledo Municipal Court on a criminal charge of "SEXUAL IMPOSITION:

OFFENSIVE OR RECKLESS CONTACT" in violation of Ohio Revised Code § 2907.06(A)(1).[1] Section 2907.06 was amended on March 21, 2025, such that subsection (A) no longer has further subsections and section 2907.06(A)(1) did not exist at the time of the alleged offense. But the substance of the portion of the statute under which Plaintiff was charged did not change in any way relevant to Plaintiff's proceedings. Compare the older version of the statute, effective until March 21, 2025:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> > (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

with the current version in effect that the time of the alleged offense:

> (A) No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when the offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

Both versions make violation a misdemeanor of the third degree. Apart from the removal of the requirement in some circumstances that the victim not be the spouse of the offender (and there is no suggestion that this requirement is relevant to the conduct underlying Plaintiff's charges), the amendment merely reorganized the statute's paragraphs without altering any of the operative language.

The same day that the summons and complaint were issued, all judges of the Toledo Municipal Court recused themselves from Plaintiff's case, and Administrative Judge Lanzinger

---

[1] Some of these details are supplied by the Toledo Municipal Court docket for Case No. CRB-25-02887. This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's criminal proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings . . . .").

appointed visiting Judge William Finnegan, a retired judge of the Marion County Court of Common Pleas, to hear the case. A few weeks later, the case was transferred to visiting Judge Dwight Osterud, a retired judge of the Perrysburg Municipal Court. Judge Osterud has appointed counsel for Plaintiff and, although several public defenders have appeared and then sought withdrawal from representation, Plaintiff has been continuously represented by counsel apart from a two-week period in June 2026. Plaintiff's criminal case is set for trial on August 18, 2026.

On August 14, 2026, the prosecutor in Plaintiff's criminal case moved to amend the Complaint to correct the inclusion of subsection "(1)" in the numerical designation of the charged offense. That motion remains pending.

Also on August 14, 2026, Plaintiff commenced this action, naming as Defendants the seven Justices of the Ohio Supreme Court and Judge Osterud. (ECF No. 1.) Plaintiff contends that his federal constitutional rights were violated by the issuance of the summons without a probable cause determination by a magistrate, by the prosecution of Plaintiff under a repealed statute, by the appointment of a judge over the age of 70 to hear his case, and by "the ongoing GPS seizure without counsel." (Compl. ¶ 33, ECF No. 1-1.) Plaintiff's Complaint advances claims for violation of his substantive due process rights and seeks prospective injunctive relief.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

Plaintiff fails to state a substantive due process claim. Substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It "specifically protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (internal quotation marks and citations omitted). In other words, the substantive due process clause protects "the right not to be subjected to arbitrary and capricious government action that 'shocks the

conscience and violates the decencies of civilized conduct.'" *Guertin v. State*, 912 F.3d 907, 917–18 (6th Cir. 2019) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

Here, Plaintiff alleges infringement on his fundamental liberty interest. But there is nothing arbitrary or capricious in the state conduct he complains of. First, although the summons and complaint does not bear the signature of a magistrate, it bears the signature of the Court Clerk, who is authorized by Ohio law to issue a summons on a showing of probable cause. *See* Ohio Rev. Code § 2935.10(B)(2); Ohio Crim. R. 4(A)(1). Plaintiff does not allege that the complaint does not satisfy probable cause. His only quarrel with the substance of the complaint is that it charges him with violation of a "repealed" statute, depriving the Toledo Municipal Court of subject-matter jurisdiction. But § 2907.06(A)(1) was not repealed; it was merely reorganized with a different numerical structure. The same offense, with the same elements, existed before and after the March 2025 amendment. At worst, the invocation of subsection (A)(1) amounts to a scrivener's error, as reflected by the prosecutor's recent motion to amend the complaint. And Ohio Rule of Criminal Procedure 7(D) permits amendment of a complaint at any time "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Even if a substantive amendment is made, the case may proceed to trial so long as "the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made." *Id.* Plaintiff has not argued, and could not plausibly argue, that he has been misled or prejudiced by the complaint's reference to § 2907.06(A)(1) rather than § 2907.06(A).

Next, Plaintiff argues that any actions taken by Judges Finnegan and Osterud are void because their appointments violate Article IV, Section 6(C) of the Ohio Constitution. That section provides, "[n]o person shall be elected or appointed to any judicial office if on or before

the day when he shall assume the office and enter upon the discharge of its duties he shall have attained the age of seventy years." Plaintiff argues that Judges Finnegan and Osterud were appointed in violation of this section because they were both over 70 years of age when they were assigned to his case, and because a criminal defendant cannot challenge the appointment of a judicial officer during the pendency of the criminal proceedings, he is barred from pursuing state remedies for this violation. But Plaintiff ignores the next sentence of Section 6(C): "Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the Supreme Court to active duty as a judge . . . ." The appointment of retired judges to Plaintiff's criminal case therefore did not violate the Ohio Constitution. And Plaintiff has alleged no other basis for the invalidity of those judges' actions, such as the imposition of ongoing GPS monitoring. Finally, because Plaintiff has not alleged a violation of any state or federal authorities, there are no grounds for the injunctive relief he seeks.

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff's Motion to Approve Plaintiff for ECF Filing (ECF No. 3) is **GRANTED**. In addition, for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. As a result, it is further **RECOMMENDED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 2.) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE